IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DIEDRA LOEFFLER, Personal Representative
of the Estate of GINO LAWRENCE LOEFFLER,
Deceased, and individually as widow of Gino
Lawrence Loeffler**,

        Plaintiff,

    vs.                                           No. CIV 98-1424 SC/LCS

**TRANSIT BUS INTERNATIONAL, INC.,**
f/k/a Transportation Manufacturing Corporation,
a/k/a Motor Coach Industries International, Inc., et al.,

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Plaintiff's Response to the Court's Notice to Show Cause, filed April 10, 2000 *(Doc. 30)*. For the reasons stated, I propose that all claims against the unserved defendants Greyhound Corporation and Dial Corporation be dismissed without prejudice for failure to serve the defendants within a reasonable period of time.

Proposed Findings

1. Plaintiff filed this action in the District Court for the Fifth Judicial District of the State of New Mexico on August 3, 1998. Plaintiff served a summons and complaint on Transit Bus International, Inc., on October 26, 1998. Transit Bus International removed the action to this

1

court on November 19, 1998. The docket indicates that only two of the defendants, Transit Bus International, Inc. and Novabus America, Inc., have been served. Alias summonses were issued as to Defendants Greyhound Corporation and Dial Corporation on April 21, 1999, but the docket does not show a return of service for either of these two defendants.

2. A telephonic status conference was held in this matter on February 17, 1999. *See* Clerk's Minutes *(Doc. 9)*, filed February 17, 1999. Pretrial deadlines were not set at that time to allow Plaintiff additional time to serve Defendants Greyhound Corporation and Dial Corporation.

3. In April 1999 and June 1999, the Court requested status letters from Plaintiff's counsel on Plaintiff's progress in serving Greyhound Corporation or Dial Corporation. Plaintiff's counsel responded with letters stating that he was having difficulty identifying the appropriate corporate entity, and requesting additional time and/or some discovery.

4. On September 29, 1999, the Court held an initial scheduling conference in an attempt to move this case along and to provide Plaintiff with the opportunity to conduct some discovery on which corporate entities should be joined and served in this action. The parties failed to file a completed Provisional Discovery Plan (PDP), and failed to submit an Initial Pretrial Report (IPTR) to my chambers prior to the conference. Nonetheless, the Court proceeded with the scheduling conference to allow discovery to commence, and set March 27, 2000 as the deadline for **completion** of discovery. *See id.*. *See* Clerk's Minutes *(Doc. 19)*, filed September 29, 1999.

5. On March 15, 2000, the Court granted the parties' joint motion to extend the discovery deadline to April 28, 2000. *See* Order *(Doc. 24)*, filed March 15, 2000. Greyhound Corporation and Dial Corporation had not been served as of that date. The Clerk of the Court

court on November 19, 1998. The docket indicates that only two of the defendants, Transit Bus International, Inc. and Novabus America, Inc., have been served. Alias summonses were issued as to Defendants Greyhound Corporation and Dial Corporation on April 21, 1999, but the docket does not show a return of service for either of these two defendants.

2. A telephonic status conference was held in this matter on February 17, 1999. *See* Clerk's Minutes *(Doc. 9)*, filed February 17, 1999. Pretrial deadlines were not set at that time to allow Plaintiff additional time to serve Defendants Greyhound Corporation and Dial Corporation.

3. In April 1999 and June 1999, the Court requested status letters from Plaintiff's counsel on Plaintiff's progress in serving Greyhound Corporation or Dial Corporation. Plaintiff's counsel responded with letters stating that he was having difficulty identifying the appropriate corporate entity, and requesting additional time and/or some discovery.

4. On September 29, 1999, the Court held an initial scheduling conference in an attempt to move this case along and to provide Plaintiff with the opportunity to conduct some discovery on which corporate entities should be joined and served in this action. The parties failed to file a completed Provisional Discovery Plan (PDP), and failed to submit an Initial Pretrial Report (IPTR) to my chambers prior to the conference. Nonetheless, the Court proceeded with the scheduling conference to allow discovery to commence, and set March 27, 2000 as the deadline for **completion** of discovery. *See id.*. *See* Clerk's Minutes *(Doc. 19)*, filed September 29, 1999.

5. On March 15, 2000, the Court granted the parties' joint motion to extend the discovery deadline to April 28, 2000. *See* Order *(Doc. 24)*, filed March 15, 2000. Greyhound Corporation and Dial Corporation had not been served as of that date. The Clerk of the Court

issued a Notice to Show Cause *(Doc. 26)* on March 22, 2000, directing Plaintiff to show cause why this action should not be dismissed as to Defendants Greyhound Corporation and Dial Corporation for failure to serve.

6. Plaintiff's response to the Clerk's Notice to Show Cause indicates that as of April 10, 2000, Plaintiff had served discovery "which may assist in locating and serving Defendants Greyhound Corporation and Dial Corporation, and the responses to that discovery are due to Plaintiff within 3 weeks." Pl.'s Response *(Doc. 30)* at ¶ 4. Because the discovery response was not due until the last week of April, the Court concludes that Plaintiff did not serve written discovery requests calculated to locate and serve Defendants Greyhound Corp. and Dial Corp. until **after** Plaintiff received the Clerk's Notice to Show Cause. Plaintiff's response does not explain why Plaintiff did not serve such discovery during the six-month discovery period between September 29, 1999 and the end of March, 2000.

7. Plaintiff has not shown good cause for failing to serve Defendants Greyhound Corporation and Dial Corporation.

## Recommended Disposition

I recommend that all claims against Defendants Greyhound Corporation and Dial Corporation be **dismissed without prejudice** for Plaintiffs' failure to serve these defendants within a reasonable period of time. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within

3

the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaMagistrateJudge\98-1424 pfd