IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DIEDRA LOEFFLER, Personal Representative of the Estate of GINO LAWRENCE LOEFFLER, Deceased, and individually as widow of GINO LAWRENCE LOEFFLER,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANSPORTATION MANUFACTURING CORPORATION (TMC) a/k/a MOTOR COACH INDUSTRIES INTERNATIONAL INCORPORATED (MCII), and NOVABUS AMERICA, INC.,<br><br>    Defendants. | No. CIV 98-1424 PK/LCS |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant Nova BUS, Incorporated's Motion for Summary Judgment filed April 12, 2000 (doc. 31), Plaintiff Diedra Loeffler's Motion to Strike Affidavit of Daniel Alexander and Exhibit 1 to Defendant's Motion for Summary Judgment filed June 15, 2000 (doc. 57), Plaintiff's Motion to Amend Complaint filed June 15, 2000 (doc. 61), and Transit Bus International, Inc.'s [TBII's] Motion for Summary Judgment filed June 16, 2000 (doc. 62), and the court being advised fully in the premises finds that the Defendant Nova BUS's summary judgment motion should be granted, Defendant TBII's summary judgment motion should

be granted in part and denied in part, and the motions to strike and to amend the complaint should be denied.

## Background

1. On August 4, 1995, Plaintiff's decedent died after falling from a "safety platform" on a narrow isle lift truck. The accident occurred during repairs to the physical plant subleased to Defendant Nova BUS by Defendant Transportation Manufacturing Co. (TMC), now Transit Bus International Inc. (TBII). The safety platform was designed and manufactured by TMC. Nova BUS purchased the lift truck and the safety platform from TBII in November 1994.

2. Plaintiff filed suit in state court in 1996; on August 3, 1998, Plaintiff filed a first amended complaint adding Defendant Nova BUS. This is an action for wrongful death from an allegedly defective product (count one); breach of contract and warranty resulting in injury or death (count two); and negligence (count three). See Doc. 1, Ex. A. TBII removed the case to federal court on November 19, 1998. Nova BUS answered the first amended complaint raising the affirmative defense of exclusivity of workers' compensation as a remedy on December 2, 1998.

3. Nova BUS served its initial disclosures on the Plaintiff on September 7, 1999, identifying the Nova BUS-TMC Purchase Agreement and indicating

that Daniel Alexander, the Nova BUS controller, was expected to testify about it (doc. 70, Def. Ex. B).  On September 29, 1999, the magistrate judge held the Fed. R. Civ. P. 16 Initial Scheduling Conference and set a discovery deadline of March 27, 2000.  <u>See</u> Clerk's Minutes (doc. 19). Upon joint motion filed March 13, 2000 (doc. 22), the magistrate judge extended the discovery deadline to April 28, 2000 (doc. 24).  Plaintiff served written discovery on Nova BUS on March 27, 2000 (doc. 27) and requested depositions on April 18, 2000.  Upon joint motion of the parties (doc. 36), the magistrate judge extended the discovery deadline to May 19, 2000 (doc. 37).

4. On April 12, 2000, Defendant Nova BUS served its motion for summary judgment (doc. 31) on Plaintiff.  That motion relies upon a March 29, 2000 affidavit from the then-comptroller of Nova BUS, Mr. Alexander (doc. 33), and selected portions of the Nova BUS-TMC Purchase Agreement (doc. 34).  Mr. Alexander has not been deposed and the entire Purchase Agreement has not been provided to Plaintiff.

5. Mr. Alexander's affidavit indicates that his tenure as Nova BUS controller was from December 1994 to March 2000.  An April 28, 2000, letter from Nova BUS's counsel to Plaintiff indicates that Mr. Alexander was working for Nova BUS on a "consulting basis only," but that Nova BUS would try to make him available for deposition on May 17 and 18 (doc. 58, Pl. Ex. 1).

        Plaintiff noticed Mr. Alexander's deposition on May 5, 2000 (doc. 58, Pl. Ex. 2). The day before the deposition, Nova BUS's counsel indicated that he would not appear; Mr. Alexander was no longer in Roswell, New Mexico, apparently having moved to Texas, though a substitute witness testified that Mr. Alexander was working for Nova BUS on special assignment until the end of May 2000 (doc. 71, Def. Ex. A at 5, 11). The substitute witness indicated that if the matter proceeded to trial, he would testify as the corporate spokesperson (doc. 71, Def. Ex. A at 14).

6.     Selected portions of the Purchase Agreement between Nova BUS and TMC (doc. 34) also supported Nova BUS's summary judgment motion. Nova BUS provided a draft form of a confidentiality order on October 4, 1999 (doc. 70, Def. Ex. F), and a subsequent draft form incorporating various changes on May 24, 2000 (doc. 70, Ex H); Plaintiff has not agreed to the second draft form. Despite the documentary evidence, Plaintiff contends that Nova BUS never responded to its November 4, 1999, letter seeking changes in the confidentiality order. See Doc. 77 at 5, citing id. Ex. 1. The parties have been unable to come to an agreement on this issue; Plaintiff contends Nova BUS has waived any privilege.

## Discussion

A. Nova BUS's Summary Judgment Motion.

7.     Plaintiff's Rule 56(f) Affidavit. Plaintiff's counsel has filed a Fed. R. Civ.

P. 56(f) affidavit seeking additional time to respond (doc. 60, Pl. Ex. 6) to Nova BUS's summary judgment motion contending that Nova BUS has not adequately responded to discovery requests and that Plaintiff needs to depose Mr. Alexander. The request is deficient and will be denied because it fails to explain how the additional time will allow it to rebut the factual assertions of Nova BUS. See Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1554-55 (10th Cir. 1993); Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522-23 (10th Cir. 1992). It is not enough to state: "Upon information and belief evidence exists which supports Plaintiff's position regarding Nova BUS' motion for summary judgment and her claims in this case in general." (Doc. 60. Pl. Ex. 6 at 2, ¶ 13). Nowhere does the affidavit address the specific factual contentions made in Mr. Alexander's affidavit (doc. 33).

8. Plaintiff's Motion to Strike Materials Supporting Nova BUS's Summary Judgment Motion. Plaintiff also seeks to strike Mr. Alexander's affidavit, apparently as a discovery sanction, and the portions of the Nova BUS-TMC Purchase Agreement relied upon by Nova BUS. Plaintiff was informed of Mr. Alexander's existence in September 1999, and had six months in which to depose him. Although the court is troubled by the non-appearance of Mr. Alexander at his previously noticed deposition given the circumstances, Plaintiff has not availed herself of other opportunities to depose Mr.

      Alexander offered by Nova BUS's counsel.  <u>See</u> Doc. 70 at 5; Clerk's Minutes (doc. 80 at 2).  Arrangements could have been made to depose Mr. Alexander, perhaps even outside the discovery period, before the court considered Nova BUS's motion for summary judgment.  Moreover, the court is unpersuaded that the substitute corporate spokesperson (Mr. Bennett) is unable to address the matters at issue.

9.   Plaintiff's contention that Mr. Alexander, the comptroller of Nova BUS and a licensed CPA, is not competent to testify about worker's compensation and the organizational structure of Nova BUS is belied by the affidavit (doc. 33, ¶¶ 1, 2, 6) and is meritless.

10.   As to the Purchase Agreement, Plaintiff was informed of its existence in September 1999, and that Nova BUS would insist upon a confidentiality order which it provided in October 1999.  <u>See</u> Fed. R. Civ. P. 26(c)(7).  Plaintiff had many months to resolve this issue, but did not request the document until March 27, 2000.   As of April 28, Plaintiff's counsel indicated that "As a courtesy, I am not opposed to that but we need the order soon."  Doc. 70, Def. Ex. G.  Nova BUS proposed another draft.  Nova BUS represents that on June 14, 2000, the magistrate judge directed the parties to come up with a confidentiality order.  <u>See</u> Doc. 70 at 7.  Plaintiff has failed to explain its objections to the latest draft of a confidentiality order, or why the selected portions of the purchase

agreement supplied by the Defendant are inadequate. The general objection contained in Plaintiff's reply brief to its motion to strike (doc. 77) is too little to go on and deprives Nova BUS of an opportunity to respond. The court declines to strike this document.

11. Summary Judgment Standard. The parties' submissions relating to the summary judgment motions have been evaluated in accordance with Fed. R. Civ. P. 56(c) and the standards set forth in Celotex v. Catrett, 477 U.S. 317 (1986), and Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Particularly relevant in this case, a movant is not required to negate a non-movant's unsupported claims. See Celotex, 477 U.S. at 322-24.

12. The Merits of Nova BUS's Summary Judgment Motion. Plaintiff's action against Nova BUS, including wrongful death and loss of consortium claims, is barred by the exclusivity provision of the Workers' Compensation Act (WCA). See N.M. Stat. Ann. §§ 52-1-6-(E), 52-1-9 (Michie 1991 Repl. Pamp.); Singhas v. New Mexico State Highway Dep't, 946 P.2d 645, 647-48 (N.M. 1997) (loss of consortium claim barred by WCA exclusivity provision); Beckham v. Estate of Brown, 664 P.2d 1014, 1015 (N.M. Ct. App. 1983) (wrongful death action must be dismissed if death is within WCA). The following facts are uncontroverted. Nova BUS has complied with the provisions of the Act regarding insurance. See Doc. 33 at 4, ¶¶ 14, 15 (Alexander Aff.). At the time of accident, Plaintiff's decedent was

performing service arising out of and in the course of his employment with Nova BUS; specifically, he was repairing the Nova BUS physical plant while using a safety platform with a narrow isle lift truck. See Doc. 1, Ex. A, First Amended Complaint, at 3, ¶ 9; Doc. 3 (Nova BUS Answer) at 3, ¶ 9; Doc. 85 (Amended Pre-Trial Order) at 4.  His death was proximately caused by the accident. See id.

13. By argument and allegation, Plaintiff maintains that Nova BUS has a "dual capacity" or "dual-persona" as employer and "corporate successor," and because it has been sued in the latter capacity, the WCA exclusivity provision does not apply. See Doc. 1, Ex. A at 3, ¶ 8; doc. 60 at 10-11. New Mexico has rejected the dual capacity doctrine, which "imposes liability outside the workers' compensation statutes where the facts show that employer's conduct contributed to the injury sustained and is conduct of a nature not associated with the employer's function as employer." Salswedel v. Enerpharm, Ltd., 764 P.2d 499, 501-02 (N.M. Ct. App. 1988). See also Espinosa v. Albuquerque Pub. Co., 943 P.2d 1058, 1062 (N.M. Ct. App. 1997).

14. New Mexico has adopted the "dual-persona" doctrine, however. See Espinosa, 943 P.2d at 1062.  "Under the dual-persona doctrine, an employer may be treated as a third party, vulnerable to a tort suit by an employee, if, and only if, the employer possesses a second persona

sufficiently independent from and unrelated to its status as employer." Garrity v. Overland Sheepskin Co. of Taos, 917 P.2d 1382, 1392 (N.M. 1996). There must be "'a separate and distinct legal persona rather than merely a second theory of liability in the same [entity].'" Singhas, 946 P.2d at 647 (quoting Salswedel 764 P.2d at 503).

15. Application of the dual-persona doctrine is factual; however, "where the facts are undisputed and the elements of the 'dual persona' doctrine are not met, a court should determine as a matter of law that an employer is immune from tort liability." Singhas v. New Mexico State Highway Dep't, 902 P.2d 1077, 1080 (N.M. Ct. App. 1995), aff'd, 946 P.2d 645 (N.M. 1997). In moving for summary judgment, Nova BUS asserted that Plaintiff could not rely upon the dual-persona because it is uncontroverted that Nova BUS did not design, manufacture or modify the safety platform and Nova BUS's sole persona was that of employer. See Doc. 32 at 11. Plaintiff has failed to produce any evidence to the contrary; let alone any evidence to show that Nova BUS is a "corporate successor." Moreover, as presented, the "corporate successor" theory is nothing more than a second theory of liability; no evidence suggests that Nova BUS acted as a second persona completely independent from and unrelated to its status as employer merely because it purchased assets from TBII.

16. Plaintiff also alleges that Nova BUS assumed liability for TBII's

- 9 -

obligations and liabilities when it purchased the assets and operations of TBII, including liability for product defects and negligence. See Doc. 1, Ex. A, ¶ 7. Given a purchase of assets, the general rule is that "the successor corporation will not be liable for the predecessor's debts in the absence of a contractual provision assuming these obligations." Garcia v. Coe Manufacturing Co., 933 P.2d 243, 246 (N.M. 1997).

> In American jurisdictions it is well settled that a corporation which purchases the assets of another corporation does not automatically acquire the liabilities or obligations of the transferor corporation except (1) where there is an agreement to assume those obligations; (2) where the transfer results in a consolidation or merger; (3) where there is a continuation of the transferor corporation; or (4) where the transfer is for the purpose of fraudulently avoiding liability.

Southwest Distributing Co. v. Olympia Brewing Co., 565 P.2d 1019, 1022 (N.M. 1977). Plaintiff does not respond to the evidentiary presentation of Nova BUS tending to show that none of the exceptions apply.[1] See Doc. 33 at 2-3, ¶¶ 6, 9, 10, 11, 12, 13; see also Garcia, 933 P.2d at 247 (discussing factors to show (3) continuation of the transferor corporation). Uncontroverted evidence indicates that the TBII-Nova BUS asset sale was a bona-fide, arms-length transaction for consideration, and that TBII and

---

[1] It is unnecessary for the court to determine the rights and liabilities of TBII and Nova BUS based upon an incomplete purchase agreement.

          Nova BUS have no common shareholders, directors or officers. After the sale, TBII and Nova BUS exist independently of one another.

17.     Instead, Plaintiff relies upon the "product-line exception" announced in Garcia, which holds that a successor entity may be liable where there is a substantial continuity between the products resulting from the pre- and post-transaction use of the predecessor's assets. See Garcia, 933 P. 2d at 247. The "product-line exception" does not apply here for at least two reasons. First, the predecessor's [TBII's] assets have not been used by the successor [Nova BUS] to produce safety platforms. Nova BUS used the assets to produce buses–it does not produce safety platforms, and did not produce this one. Doc. 71, Def. Ex. B at 75; Doc. 85 at 4 (stipulated fact 3). Second, the "product-line exception" finds applicability where Plaintiff would otherwise be without a remedy, i.e. the predecessor's liquidation; the presence of the predecessor suggests otherwise. See Garcia, 933 P.2d at 248-49.

B.     TBII's Summary Judgment Motion

18.     TBII contends that it may not be held strictly liable for the injuries sustained by Plaintiff's decedent and seeks summary judgment on this claim. As TBII correctly notes, New Mexico recognizes the doctrine of strict products liability. See Parker v. St. Vincent Hospital, 919 P.2d 1104, 1106 (N.M. Ct. App. 1996); Stang v. Hertz Corp., 497 P.2d 732, 735 (N.M.

1972) (adopting Restatement (Second) of Torts § 402A (1965)).  Strict products liability attaches only to one who is engaged in selling a product or otherwise placing it in the stream of commerce.  See Arenivas v. Continental Oil Co., 692 P.2d 31, 33 (N.M. Ct. App.  1983).  Without proof that a defendant is in the business of selling or leasing the allegedly defective product, that defendant cannot be strictly liable.  See id. (holding that the trial court correctly directed a verdict for defendants given the lack of evidence that they sold or leased the defective units); see Lay v. VIP's Big Boy Restaurant, Inc., 548 P.2d 117, 119 (N.M. Ct. App. 1976) ("The rationale behind the theory of strict liability is that the loss should be borne by the individual who is responsible for placing the defective product into the market and is profiting by its sale.").  TBII contends that at the time the safety platform was made, it was engaged solely in the business of manufacturing and selling buses and that the safety platform was made for internal use and sold as part of sale of assets to Nova BUS.  See Doc. 63 at 5.  TBII was not particularly forthcoming in answering the Plaintiff's requests for admissions and interrogatories, see Doc. 74, Exs. A & B, immediately prior to the deposition of the former employee who fabricated the safety platform, see Doc. 63, Ex. (Carillo Depo.) at 12-14, 32, 64-65, 67-69, 75.  However, the parties have stipulated that "The safety platform from which Mr. Loeffler fell was designed and manufactured by

Transportation Manufacturing Corporation and sold to Nova BUS." Doc. 85 at 4. In view of the summary judgment evidence offered by TBII and the stipulation, the lack of any evidence that TBII is in the business of selling or leasing the allegedly defective product, no reasonable trier of fact could find for Plaintiff on the strict products liability claim. See Anderson, 477 U.S. at 249-52; Celotex, 477 U.S. at 322-23. Accordingly, summary judgment is warranted.

19. TBII also seeks summary judgment on Plaintiff's breach of warranty claim. TBII first contends that there was no express warranty for the safety platform. Plaintiff offers no such evidence, but contends that she has not seen the asset purchase agreement, presumably based upon unspecified objections to entering into a confidentiality agreement. No Fed. R. Civ. P. 56(f) affidavit accompanies Plaintiff's response.

20. TBII further contends that no implied warranty exists as a matter of law. Plaintiff's decedent is not a third-party beneficiary of the implied warranty, as set forth in N.M. Stat. Ann. § 55-2-318 (Michie 1993 Repl. Pamp.). Pursuant to that statute, third-party beneficiaries of such a warranty include only "any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." Id. Plaintiff has produced no evidence tending to

show that she or the decedent were in such horizontal privity with the buyer, as defined by this section. See Armijo v. Ed Black's Chevrolet Center, Inc. 733 P.2d 870, 871-72 (N.M. Ct. App. 1987). For the above reasons, summary judgment will be granted on both the express and implied warranty claims. See Celotex, 477 U.S. at 322-23 (movant may seek summary judgment by identifying lack of evidence on an element non-movant will have to prove at trial).

21. TBII also seeks summary judgment on the negligence claim, contending it cannot be liable on a negligence theory because it had no duty to the Plaintiff or her decedent. TBII also contends that the conduct of Nova BUS, Plaintiff's decedent and Raymond Horton, a forklift driver, constitutes an independent intervening cause. The court expresses no opinion on the merits of the negligence claim, but must reject these propositions as not supported by New Mexico law. See Eichel v. Goode, Inc., 680 P.2d 627, 627-30 (N.M. Ct. App. 1984) (seller of supermarket assets in an asset-sale was a supplier of chattels who had duty to warn under Restatement (Second) of Torts § 388 (1965)); Restatement (Second) of Torts, § 388, cmt. c.; 3 N.M. R. Ann., Uniform Jury Instruction 13-1402 & committee comment (Michie 2000); Torres v. El Paso Elec. Co., 987 P.2d 386, 390-395 (N.M. 1999) (eliminating independent intervening cause given comparative fault). Summary judgment on the negligence claim will

be denied.

C. <u>Plaintiff's Motion to Amend.</u>

22. Plaintiff seeks to amend the complaint to add count four, civil conspiracy, and count five, spoliation of evidence. <u>See</u> Doc. 61, Ex. A (second amended complaint) at 9-11. Plaintiff contends that Nova BUS and TBII have destroyed and withheld unspecified evidence. Absent (1) undue delay, (2) bad faith or dilatory motive, (3) a repeated failure to cure deficiencies by previously allowed amendments, or (4) futility of amendment, leave should be freely given in accordance with Fed. R. Civ. P. 15(a). <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). The motion to amend in this case comes long after the first amended complaint naming Nova BUS on August 3, 1998, after two extensions of the discovery deadline, and two months after Nova BUS filed its summary judgment motion. The record in this case confirms a lack of diligence in pursuing investigation of the case and discovery. Accordingly, the motion to amend is not well taken. <u>See</u> <u>Pallottino v. City of Rio Rancho</u>, 31 F.3d 1023, 1027 (10th Cir. 1994).

D. <u>Other Matters.</u>

23. The magistrate judge may treat Plaintiff Diedra Loeffler's Motion for Default Judgment, to Compel Discovery Responses and for Other Relief Against Defendant Nova BUS a/k/a Nova BUS America, Inc. filed July 11, 2000 (doc. 76), as a request for sanctions which might be awardable despite

the grant of summary judgment and will issue a report and recommendation as needed when the time for briefing has run.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant Nova BUS, Incorporated's Motion for Summary Judgment filed April 12, 2000 (doc. 31), is granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff Diedra Loeffler's Motion to Strike Affidavit of Daniel Alexander and Exhibit 1 to Defendant's Motion for Summary Judgment filed June 15, 2000 (doc. 57), is denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion to Amend Complaint filed June 15, 2000 (doc. 61), is denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Transit Bus International, Inc.'s Motion for Summary Judgment filed June 16, 2000 (doc. 62), is granted on Plaintiff's strict products liability and breach of warranty claims, and is denied in all other respects.

DATED this 4th day of August 2000, at Santa Fe, New Mexico.

*Paul Kelly, Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Tandy Hunt, Tandy Hunt P.C., Roswell, New Mexico, and Randy K. Clark, Randy K. Clark, P.C., Roswell, New Mexico for Plaintiff.

Charlotte Lamont, Eastham, Johnson, Monnheimer & Jontz, P.C., Albuquerque, New Mexico, for Defendant Nova BUS, Inc.

Timothy L. White, Atwood, Malone, Turner & Sabin, P.A., Albuquerque, New Mexico for Defendant Transit Bus International Inc.